[Crim. No. 2336.   Third Dist.   June 24, 1952.]

THE PEOPLE, Respondent, v. KENNETH FAY WILSON,
Appellant.

John T. Kenward, Public Defender, for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader,
Deputy Attorney General, for Respondent.

ADAMS, P. J.—The amended information in this case,
in two counts charged defendant with entering Bremer's
Hardware Store in Yuba City on July 21, 1951, and July

26, 1951, respectively, with intent to commit theft therein. A jury convicted defendant on both counts, and fixed the degree of the crimes as "Burglary in the Second Degree." A motion for a new trial was denied.

Defendant has appealed from his conviction on both counts, contending that there was reversible error in the giving of one instruction to the jury, in the admission in evidence of two exhibits introduced by the prosecution, and that the evidence produced was insufficient to justify conviction.

Regarding the first of said contentions it is urged that, following the usual instructions that the jury were the sole and exclusive judges of the effect and value of evidence and the credibility of witnesses, that a witness is presumed to speak the truth but that such presumption may be repelled, etc., and that a witness wilfully false in one material part of his testimony is to be distrusted in others, the court added: "Oral statements of a defendant should be viewed with caution." It is the latter portion of the instruction to which defendant objects, saying that it is not the law. He says that what the court probably meant was that where testimony has been given that a defendant made oral statements or admissions, such testimony should be received with caution; but he urges that the instruction as given robbed the defendant of the presumption of innocence.

The record shows that the jury was fully instructed on the proposition that the defendant was presumed to be innocent until the contrary was proven, and that in case of a reasonable doubt he was entitled to an acquittal.

Defendant did not take the stand in his own behalf nor did he offer any testimony in defense. There were, therefore, no statements of his during the trial which the jury could assume were to be received with caution, and our attention is not directed to any. We fail to see how any prejudice did result or could have resulted from this instruction; and if it can be said that the giving of same was superfluous, under the provisions of article VI, section 4½, of the Constitution, the inclusion of same may be disregarded.

Appellant's second contention is that the trial court erroneously admitted in evidence a metal container and a carton which were not found in defendant's possession. The record shows that the prosecution produced these empty containers during the examination of a witness who testified as to articles taken from the hardware store during the burglaries, the metal case having contained an electric drill, and

the carton a gas pistol. How the introduction of these articles could have prejudiced defendant is not pointed out to us. The trial court denied defendant's request to have them included in the record on appeal, stating that they were only introduced to show that the burglaries were committed, which was not disputed by defendant, his claim being that he did not commit them. Defendant now complains that these articles should have been sent up as a part of the record on appeal, and he has requested us to augment the record to include them. If, as defendant contends, they were superfluous in the lower court, they are equally superfluous here; and we cannot see that their introduction resulted in any prejudice to defendant.

Appellant's third contention is, in effect, an attack upon the sufficiency of the evidence to justify the verdict. He says that the only stolen articles with which he was in any way connected were a pair of eyeglasses with one lense, and a pistol. The glasses were identified by the owner of the store and by the maker thereof, and the evidence showed that they had been taken out of their case, from the owner's desk in the store. As for the pistol there was testimony that defendant dropped it in a bar where it was picked up by a woman patron and given to the bartender for safekeeping, and that defendant requested its return to him, which was refused because he was drinking. In addition to proof that defendant was in possession of these stolen articles there was evidence that footprints found at a water cooler near the place where entrance had been made to the burglarized premises were similar to those which would have been made by shoes worn by defendant at the time of his arrest; and there was also evidence that letters identified as belonging to defendant were found on the roof of the store where certain of the stolen property had been abandoned.

In the absence of any testimony by defendant or any other person in his behalf, the evidence offered by the prosecution is sufficient to support the verdict and judgment.

The judgment is affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.